UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TONY HONG, an individual, | Case No. 4:19-cv-00435-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| RECREATIONAL EQUIPTMENT, INC., a Washington corporation, SAMUEL KRIEG, an individual d/b/a KRIEG CLIMBING CYCLING, KRIEG USA, and DOES 1-10, inclusive, | |
| Defendants. | |

## INTRODUCTION

Before the Court is the Defendants' Motion to Dismiss. Dkt. 8. The motion is fully briefed and ripe for decision. Pursuant to Idaho Local Civil Rule 7(d)(1)(b), the Court determines that oral argument is not necessary on the motion. After careful consideration, and for the reasons that follow, the Court will deny the motion.

## BACKGROUND

Tong Hong is an artist. Dkt. 1 at 3. Hong created "Tree Rings," an illustration that depicts the inner-tree rings of a tree trunk. *Id.* Hong describes the work as "imbued with numerous artistic decisions, including the number and varying spacing of rings, their particular thickness, their unique curvature, their shading and myriad other stylistic choices." Dkt. 12 at 6. In 2009, the work was registered with the United States Copyright Office. *See* Dkt. 1-1.

Samuel Kreig creates specialty climbing bags. Krieg both directly markets and sells the climbing bags and also sells them to retailers such as REI. Dkt. 1 at 3. Krieg's website features approximately 80 climbing bags, 2 of which have a tree-ring design. *Id.* at 3-4. Hong alleges Krieg affixed a version of his "Tree Rings" to these two bags, without his consent or license. *Id.* at 4. Hong alleges Kreig and REI entered into an agreement to sell the bags. In doing so, Hong argues REI has further reproduced, distributed, and created derivative works of Tree Rings by posting photos of the infringing bags on its website. *Id.*

Hong's complaint alleges defendants have infringed on his copyright in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and removed his copyright management information and falsified copyright management information in violation of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. §1202. Dkt. 1 at 4-8. Defendants argue Hong's claims are not

plausible and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will analyze the merits of Defendants' motion below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

The Supreme Court has identified two "working principles" that underlie

*Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ANALYSIS

### A.    Plaintiff has stated plausible claims of copyright infringement.

To state a claim for copyright infringement, a plaintiff must plausibly allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The second element of a claim for copyright infringement requires the proof of two factual elements: "copying" and "unlawful appropriation." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018).

First, Hong's allegations establish that he owns the allegedly infringed work. The complaint alleges that "Hong created 'Tree Rings,' an illustration depicting fanciful inner-tree rings of a tree trunk." Dkt. 1 at 3. The complaint further states,

"Plaintiff is the rightsholder to the copyrights to 'Tree Rings,' which consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States." *Id.* at 4. *See also* Dkt. 1-1.

Second, Hong's allegations plausibly allege that Defendants copied his original Tree Rings work. Here, Hong has plausibly alleged the Defendants copied his work in the design of the chalk bags. The complaint alleges, "[a]t least two different editions of the bags sold by Krieg have affixed a version of 'Tree Rings' as the featured designed . . . without consent or license." Dkt. 1 at 3. The complaint further describes the bags at issue as featuring a "reproduction of 'Tree Rings' on the entire outer canvas of the bag" and "a reproduction of 'Tree Rings' filling in the silhouette of a bigfoot-like created repeated on the entire outer canvas of the bag." *Id.* at 4. Alleging that Krieg "reproduced" and "affixed" a version of the work sufficiently alleges that the Defendants copied Hong's work.

Further, Hong has plausibly alleged substantial similarities between the two works. The Defendants argue that, because tree rings are naturally occurring, Hong has failed to allege how the Defendants' designs are substantially similar to any protected elements of the work. Dkt. 8 at 3. However, Hong does not allege that Krieg sold bags bearing a tree ring pattern, but rather that Krieg reproduced his work directly onto the bags. *See* Dkt. 1 at 4.

Accordingly, the Court finds Hong has alleged a plausible claim for direct copyright infringement and will deny Defendants' motion to dismiss the claim.

**B.     Removal of Copyright Management Information**

Hong also alleges Defendants removed "copyright management information" in violation of the DMCA, 17 U.S.C. § 1202(b)(1). Specifically, Hong alleges Defendants removed his name and other indicia of his ownership from the Tree Rings work. Dkt. 1 at 6–7.

"Copyright law restricts the removal or alteration of copyright management information ("CMI") — information such as the title, the author, the copyright owner, the terms and conditions for use of the work, and other identifying information set forth in a copyright notice or conveyed in connection with the work." 17 U.S.C. § 1202(b)–(c); *see also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1222, 203 L. Ed. 2d 208 (2019).

To prove a Section 1202(b) claim, a plaintiff must affirmatively show that the infringing defendant knew the prohibited act would "induce, enable, facilitate, or conceal" infringement. *Stevens*, 899 F.3d at 673. "[T]he mental state requirement in Section 1202(b)" has "a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary." *Id.* at 674. At the pleading stage, a plaintiff "must plead facts plausibly showing that the alleged infringer had this

required mental state." *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019).

Here, Hong alleges the Defendants removed CMI when creating and selling the chalk bags. Put another way, Hong asserts that the Defendants included the design on the bags, but excluded the title and Hong's authorship and ownership credits. Dkt. 1 at 7. In the complaint, Hong asserts Defendants knowingly mislead people as to the author and owner of the Tree Rings, and therefore attempted to cover up their own infringement. *Id.* Hong supports these allegations by providing screenshots of Defendants' webpages where the allegedly infringing products were offered for sale. *See* Dkts. 1-1 and 1-2.

At the pleading stage, the Court finds these factual allegations plausibly show that Defendants removed Hong's CMI with the requisite mental state – the intent to conceal the infringement and to profit from the concealment. *See Imageline, Inc. v. CafePress, Inc.*, 2011 WL 1322525 (C.D. Cal. Apr. 6, 2011); *see also* R*obbins v. Oakley, Inc.*, 2018 WL 5861416 (C.D. Cal. Sept. 27, 2018). As such, the Court will deny Defendants' motion to dismiss Hong's removal of copyright management information-based claim.

## C.    Falsification of Copyright Management Information

Finally, Hong asserts Defendants violated the DMCA by falsifying CMI and making it appear that they are the true owners of "Tree Rings."

Section 1202(a) provides that, "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement – (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a).

As stated above, Hong alleges there are two chalk bags which carry unlicensed and unlawful reproductions of his Tree Rings work. The title of the first bag is "Krieg Tree Rings Green Chalk Bag," and the title of the second bag is "Krieg Special K Chalk Bag – Bigfoot." Dkt. 1 at 4. Defendants argue that, the titles of the bags cannot be CMI because they refer to chalk bags which are functional utilitarian items that cannot be protected by copyright. Dkt. 8 at 3–4. However, Defendants' argument ignores settled law. The Supreme Court of the United States has held that "a feature incorporated into the design of a useful article is eligible for copyright protection" when the feature "(1) can be perceived as a two-or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work—either on its own or fixed in some other tangible medium of expression—if it were imagined separately from the useful article into which it is incorporated." *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1007, 197 L. Ed. 2d 354 (2017). There is no dispute that Hong holds a copyright to the two-dimensional work of art

that is readily described as a pictorial or graphic work. Thus, the Court need not strain to imagine it separately from the chalk bags into which it was incorporated—it already exists as a two-dimensional work.

Defendants' argument also glosses over an important fact: the brand name "Krieg" is included *within* the name of each of the allegedly infringing bags. On the website pages reproduced for the Court's review, the name of each bag appears directly to the side of the image of the applicable bag. As discussed fully above, Hong alleges his work is depicted on each bag. Also included on each bag is a Krieg logo tag. Thus, taking the allegations as true, the Krieg logo appears both on the bag next to the Tree Rings work and on each website next to a bag photo depicting the Tree Rings work. For these reasons, the Court finds Hong has stated a plausible claim under Section 1202(a) of the DMCA and will deny Defendants' motion to dismiss the claim.

## CONCLUSION

The Court will deny Defendants' motion to dismiss because it finds Plaintiff has stated a plausible claim for direct infringement of the Copyright Act, as well as plausible claims under Sections 1202(a) and (b) of the Digital Millennium Copyright Act.

## ORDER

**IT IS ORDERED that:**

**1.  Defendants' Motion to Dismiss (Dkt. 8) is DENIED.**

DATED: July 23, 2020

B. Lynn Winmill
U.S. District Court Judge