UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TONY HONG,<br><br>Plaintiff,<br><br>v.<br><br>RECREATIONAL EQUIPMENT INC, et al.,<br><br>Defendants. | Case No. 4:19-cv-00435-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court are Defendant's Motion for Summary Judgment (Dkt. 43), Plaintiff's Motion for Summary Judgment (Dkt. 44), and Plaintiff's Motion to Seal (Dkt. 48). For the reasons discussed below, the Court grants in part and denies in part Defendants' Motion for Summary Judgment (Dkt. 43), denies Plaintiff's Motion for Summary Judgment (Dkt. 44), and denies Plaintiff's Motion to Seal (Dkt. 48).

**BACKGROUND**

Tony Hong is an artist who created "Tree Rings," an illustration that depicts the inner-tree rings of a tree trunk. Hong describes the work as "imbued with

numerous artistic decisions, including the number and varying spacing of rings, their particular thickness, their unique curvature, their shading and myriad other stylistic choices." In 2015, the Tree Rings illustration was registered with the United States Copyright Office. (Dkt. 44-2.) The certificate of registration states that the work was created in 2009 and lists the date of first publication as November 6, 2010. (*Id.*) The effective date of the certificate is October 31, 2015. (*Id.*)

Samuel Krieg creates specialty climbing bags. Krieg both directly markets and sells the climbing bags and also sells them to retailers such as Recreational Equipment, Inc. (REI). Krieg's website features approximately eighty climbing bags, two of which have a tree-ring design and are at issue in this case. Krieg and REI entered into an agreement to sell these bags in August/September 2015, and REI sold the bags beginning in 2016.

On June 18, 2019, Hong filed the present action for copyright infringement, alleging that Krieg affixed a version of Hong's "Tree Rings" illustration to the two bags Krieg provided to REI for retail sale and did so without Hong's consent or license. Hong alleges that REI has further reproduced, distributed, and created derivative works of Tree Rings by posting photos of the infringing bags on its website. Hong brings claims against Krieg and REI for copyright infringement in

violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.; and for

removal of copyright management information and falsified copyright

management information in violation of the Digital Millennium Copyright Act

(DMCA), 17 U.S.C. §1202.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the record, read in the light most

favorable to the nonmovant, indicates "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Summary adjudication, or partial summary judgment "upon all or any part of [a]

claim," is appropriate where there is no genuine dispute as to any material fact

regarding that portion of the claim. Fed. R. Civ. P. 56(a).

Material facts are those necessary to the proof or defense of a claim and are

determined by referring to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence

of the non-movant is to be believed, and all justifiable inferences are to be drawn

in his favor." *Anderson*, 477 U.S. at 255.

The moving party has the initial burden of establishing the absence of a

material fact for trial. *Id.* at 256. "If a party fails to properly support an assertion of

fact or fails to properly address another party's assertion of fact . . . the court

may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Summary

judgment must be entered "against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial." *Celotex Corp*., 477 U.S. at 322.

Therefore, if the nonmovant does not make a sufficient showing to establish the

elements of its claims, the Court must grant the motion. *See id.*

## COPYRIGHT INFRINGMENT CLAIM

Hong seeks summary judgment on his claim for copyright infringement.

Defendants also seek summary judgment on this claim, contending that Hong does

not have a valid copyright in the Tree Rings image. Defendants further contend

that Hong is not entitled to statutory damages because any infringement occurred

prior to the effective date of the registration of the copyright.

### A.    Whether Hong has a valid copyright

To establish copyright infringement, a plaintiff must show "(1) ownership of

a valid copyright, and (2) copying of constituent elements of the work that are

original." *Feist Publ's, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991); *see*

17 U.S.C. § 501(b).

Copyright registration is "prima facie evidence of the validity of the

copyright and of the facts stated in the certificate." 17 U.S.C. § 401(c). To rebut

the presumption that a copyright is valid, the challenging party must "offer some

evidence or proof to dispute or deny" the prima facie case. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021).

Here, it is undisputed that Hong registered the Tree Rings design, with an effective date of registration of October 31, 2015. Defendants contend, however, that Hong's copyright is not valid for two reasons. First, they contend that Tree Rings is not "original." Second, they contend that Hong's copyright registration contains an inaccurate date of first publication and that, as a result, this Court must request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register to refuse registration.

### 1.  The Tree Rings illustration is "original."

 "To qualify for copyright protection, a work must be original to the author." *Feist*, 499 U.S. at 345 " 'Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.' " *Desire*, 986 F.3d at 1259 (citing *Feist*, 499 U.S. at 345).

Here, Defendants contend that Tree Rings is not "original" because it depicts an image of tree rings that is "ubiquitous in nature." They contend there are "thousands of indistinguishable images of tree rings available for inspiration and use in secondary product designs," and that many of these were available prior to the 2009 date of creation for Hong's Tree Rings.

Hong has, however, presented undisputed evidence that Tree Rings is the product of his own imagination, that the work was independently created by him, and that the work is the product of at least some degree of creativity. This evidence is undisputed and is sufficient to make the work an original. *See Feist*, 499 U.S. at 346 ("To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, "no matter how crude, humble or obvious" it might be.").

### 2.  The registration contains an inaccurate first publication date.

Publication is defined under the Copyright Act as "the distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies . . . to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication." 17 U.S.C. § 101.

Here, the certificate of registration lists the first day of publication as November 6, 2010. (Dkt. 44-2.) Defendants contend that it is undisputed that Hong published Tree Rings prior to November 6, 2010. In support, Defendants cite to issue 5 of a publication called Blue Canvas, which includes the Tree Rings image,

and which was acknowledged by Hong on his Facebook page on July 12, 2010.[1]
(Dkt 46-3 at 2-3; Dkt. 46-4 at 2.)

Hong does not deny that this is his Facebook post, but contends that
Defendants have not shown the date or month the Blue Canvas magazine was
published. Hong further contends that this evidence is insufficient because
Defendants have not provided evidence that Hong authorized Blue Canvas to print
a copy of the Tree Rings image. Hong has not, however, cited to or provided any
evidence to rebut the evidence submitted by Defendants.

The Court finds the undisputed evidence submitted by Defendants regarding
the Blue Canvas publication of Tree Rings to be sufficient to demonstrate
publication prior to July 12, 2010. The Court rejects Hong's contention that
Defendants have not sufficiently proven the date that issue 5 was available to the
public or that Hong authorized the inclusion of Tree Rings in that issue. In doing
so the Court notes that Hong's Facebook post is dated July 12, 2010. This post
states: "A buddy just sent me a cell phone pic of my first magazine feature! I

---

[1] Defendants also cite to a copy of Hong's Facebook page dated May 3, 2010, on which
the Tree Rings image was posted. (*See* Dkt. 46-2.) Hong does not deny this post but contends
that uploading a copy of his work to Facebook is not necessarily a "publication" under the
Copyright Act. Although the case law appears to support Hong's position, the Court need not
decide that issue because the Blue Canvas publication is sufficient to show that Tree Rings was
published prior to the November 6, 2010, date listed in the certificate of registration.

haven't had a chance to go yet, but you can get the latest issue of Blue Canvas magazine at Borders, Barnes and Noble bookstores, and most any other bookstores or art stores across the country." (Dkt. 46-4 at 2.) The only reasonable inference from this Facebook post is that Hong had authorized Blue Canvas to print a copy of the image. Further, Hong is encouraging his followers to go out and get a copy of the magazine and is even informing his followers where they can find a copy of the magazine. Thus, the only reasonable inference is that the Blue Canvas issue with the Tree Rings image had been published to the public by the date of that post, which is July 12, 2010.

Again, Hong has presented no evidence rebutting Defendants' evidence of the Blue Canvas magazine publication that includes the Tree Rings image, nor has Hong presented evidence rebutting, nor has he otherwise denied, that he made the Facebook post on July 12, 2010, referencing the publication, and that he authorized Blue Canvas to publish the Tree Rings image.

Based on the unrebutted evidence presented by Defendants, the Court finds that Tree Rings has a date of first publication of sometime prior to July 12, 2010. Accordingly, the certificate of registration, which lists the date of first publication as November 6, 2010, contains inaccurate information.

That the certificate of registration contains this inaccuracy does not,

however, invalidate Hong's copyright as a matter of law. Instead, the Court must "request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2). The Court will, accordingly, submit a request to the Register of Copyrights for such advice.

### B.  Infringement commenced prior to the effective registration date.

Assuming that Hong has a valid copyright in Tree Rings, no award for statutory damages is available for the infringement of that copyright if the infringement commenced after the first publication of the work and before the effective date of its registration. *See* 17 U.S.C. § 412.

As discussed above, the effective date of the Tree Rings copyright registration is October 31, 2015. Thus, if the infringement commenced prior to October 31, 2015, Hong is not entitled to statutory damages.

Defendants contend that the infringement began in April 2015, or at the latest in May through August 2015, and thus began prior to the effective date of registration, and that Hong is therefore not entitled to statutory damages. In support of their argument, they have submitted evidence demonstrating the following: Krieg designed and ordered a yard of fabric bearing the Tree Rings image in April 2015. Krieg sold finished products—the two climbing bags at issue here—using the fabric bearing the Tree Rings image in May through August 2015 to wholesale

buyers for retail sale and to at least one individual buyer. Krieg and REI entered into an agreement for Krieg to sell climbing bags with the Tree Rings image to REI for retail sale in August/September 2015.

Hong, in response, contends that the infringement did not commence until after the October 31, 2015, effective registration date. He argues (1) that Krieg's acts of designing and ordering fabric with the Tree Rings image was not an act of infringement; (2) that Krieg's sale of the bags using that fabric was to wholesale retailers and not to the "public" and thus not an infringement; and (3) that even if Krieg's acts of infringement commenced prior to October 31, 2015, REI's independent acts of infringement did not predate October 31, 2015, and thus provide an independent basis for holding REI liable.

### 1. Hong is not entitled to statutory damages arising out of Krieg's infringement.

Krieg's act of ordering and acquiring the fabric does not appear to be an act of infringement in and of itself because it was not a distribution of copies of the Tree Rings image "to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3) (providing that the owner of copyright has the exclusive right to distribute, and authorize distribution, of copies "of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending").

Krieg's act of selling finished products wholesale to retailers and to at least one individual purchaser prior to October 31, 2015, is, however, an act of infringement. As noted above, Krieg has submitted evidence that between May and August 2015, he sold the bags wholesale to various retailers who in turn marketed the bags for sale to the public, and that he also sold the bags to individuals. This evidence includes Krieg's declaration, photographs of the bags on sale at climbing retailer stores, and a copy of a receipt showing a sale to an individual. Although Hong contends that the Court does not know who these individuals are, he puts forward no evidence to contradict Krieg's declaration that sales of the product were made to both wholesalers for retail sale and to individual purchasers.

The undisputed evidence establishes that the infringement of copyright commenced prior to the October 31, 2015, effective date of registration. Accordingly, Hong is not entitled to statutory damages arising from Krieg's copyright infringement.

### 2. Hong is not entitled to statutory damages arising out of REI's infringement.

Hong argues that even if Krieg's infringement commenced before October 31, 2015, REI's infringement did not commence until *after* the effective date and that Hong is therefore entitled to statutory damages against REI.

The undisputed evidence in the record demonstrates that REI began working

with Krieg to sell the bags in August 2015, which is prior to the effective registration date, but that REI's sales of bags to the public did not begin until 2016, which is after the effective date of registration. Thus, the question comes down to whether REI's acts of infringement provide a distinct and separate basis on which to impose statutory damages. The Court finds that it does not.

"[T]he *first act of infringement* in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700-01 (9th Cir. 2008). Further, where there are multiple participants in a line of related copyright violations, "the earliest date of infringement by *any* participant" in that line constitutes the date of commencement. *Bouchat v. Bon-Ton Dept. Stores, Inc.*, 506 F.3d 315, 331 (4th Cir. 2007); *cf. Desire,* 986 F.3d at 1265 ("[f]or any two or more jointly and severally liable infringers, a plaintiff is entitled to one statutory damage award per work").

Here, there is a series of ongoing infringements of the same kind—Krieg's use of the Tree Rings image on bags that he sold to retailers as well as to individual buyers. The series of ongoing infringements involved multiple participants. The multiple participants at issue in this case are Krieg as the producer and wholesale distributor of the bags and REI as the retailer. Thus, Krieg and REI are jointly and

severally liable infringers, and the Court looks to the earliest date of infringement by *either* Krieg or REI to determine the date of commencement of the infringement. *See Bouchat*, 506 F.3d at 331.

As discussed previously, Krieg's series of ongoing infringements began in May 2015 or, at the latest, in August 2015. This thus marks the commencement of infringement for the Krieg-REI series of ongoing infringements. Because the commencement date is prior to the effective date of registration, Hong is not entitled to statutory damages against either Krieg or REI.[2]

## DIGITAL MILLENIUM COPYRIGHT ACT CLAIMS

The Digital Millennium Copyright Act (DMCA) prohibits the removal or alteration of copyright management information (CMI) conveyed in connection with creative works. 17 U.S.C. § 1202. CMI includes "[t]he name of, and other identifying information about, the author . . . [or] copyright owner of the work." *Id.* Hong contends that Krieg violated the DMCA by removing CMI from the Tree Rings image and by providing CMI that is false.

### A.   Defendants are entitled to summary judgment on the claim for removal or alteration of copyright management information.

---

[2] REI's display of images of the bags on its website as part of its marketing of the bags is merely part of this ongoing series of infringements. It is not, as Hong argues, an independent, separate infringement upon which statutory damages can be based.

To prove a violation of § 1202(b), a plaintiff must first prove the existence of CMI in connection with a copyrighted work. 17 U.S.C. § 1202(b). Next, the plaintiff must prove that a defendant, without authority from the copyright owner or the law either (1) intentionally removed or altered the CMI, or (2) distributed the work or copies of the works while knowing that CMI had been removed or altered without authority of the copyright owner. 17 U.S.C. § 1202(b)(1), (3). Finally, the plaintiff must demonstrate that, while doing one of the above, the defendant knew or had reasonable grounds to know that such distribution "will induce, enable, facilitate, or conceal an infringement." *Id*.

Krieg's declarations state that the Tree Rings image he found online and downloaded did not have any CMI associated with Hong or anyone else, that no CMI whatsoever was on that image, that he was unaware of any copyright in the image or any possible conflict, that he did not remove or alter any CMI, and that he did not distribute a work so altered knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement. Krieg further declares that neither the author's name nor a description or title of the work was present when he downloaded the image; that there was not any identifying numbers or symbols referring to such information, or links to such information; that there were no watermarks, signatures, or metadata embedded in the work; and

that there was no copyright notice printed near the image. Krieg provides what he represents to be a true and correct copy of the image he downloaded and in the exact format that it was downloaded, along with metadata showing the date of download as March 20, 2015. The images do not have any CMI.

Krieg also declares that he does not recall the exact website from which he downloaded the image in 2015 but that, during that time, he commonly used black and white "clip art" images from websites that allowed anyone to use and manipulate the images for any use and at no cost. Krieg provides the names of two different such websites and declares that he believes he obtained the image from one of those websites. Finally, Krieg provides copies of webpages from websites (including one of two that he believes he used to download the Tree Rings image in 2015). He represents that these websites provide black and white images of illustrations of tree rings, including images that appear to be the Tree Rings image at issue in this case. The copies of the webpages he provides confirm his representations and show that the images of Tree Rings on the webpages do not include any CMI associated with Hong or anyone else.

Hong contends, in response, that there is an issue of fact. He contends that Krieg's declarations are self-serving and further notes that Krieg fails to identify the website from which he downloaded the Tree Rings image. Hong has not,

however, provided any *evidence* to rebut Krieg's declarations and exhibits. Hong has provided a copy of the Tree Rings image submitted with his  certificate of registration. From the Court's close review of that image, there does not appear to be any visible CMI associated with it. Further, the Court has reviewed the image of Tree Rings that Hong posted on his Facebook page and the image of Tree Rings included in the Blue Canvas magazine. Neither of these images appear to have visible CMI. Indeed, there does not appear to be any image of Tree Rings in the record that shows CMI associated with Hong.

The Court is aware that it may be difficult for Hong to present evidence to rebut Krieg's statements of what Krieg did and did not do with the Tree Rings image. However, Hong has not provided *any evidence* in rebuttal. For example, there is no *evidence* demonstrating that the Tree Rings image had CMI associated with it at any time. Such evidence could have come in the form of a sworn declaration or affidavit from Hong stating that when he published the image, it had CMI associated with it, and a copy of the Tree Rings image with CMI. Hong has not however submitted this or any other evidence that rebuts Defendants' evidence that the Tree Rings image that Krieg downloaded did not have any CMI associated with it.

Based on the foregoing, the Court finds that Hong has failed to establish that

there is a genuine issue of material fact regarding whether Krieg removed or altered CMI associated with the Tree Rings image Krieg downloaded. Accordingly, based on the undisputed facts, Defendants are entitled to summary judgment on Hong's claim for violation of § 1202(b).

### B.    Defendants are entitled to summary judgment on the claim for falsification of copyright management information.

Under § 1202(a), "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement – (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a).

Hong contends that Defendants violated this provision because Krieg added his trademark (either the "K" mark or the "Krieg" mark) to the bags, which makes it appear that Krieg was the source of the Tree Rings image. Exhibits attached to Krieg's declarations show that a  "K" or "Krieg" was added to the image on the bags.

Defendants have submitted evidence in the form of Krieg's declarations and exhibits, that demonstrate that there was no CMI on the Tree Rings image Krieg downloaded; that Krieg did not know that the image was copyrighted until Hong filed the present lawsuit; and that Krieg thus did not knowingly and with the intent to induce, enable, facilitate, or conceal an infringement, put his own mark on the

bags with the Tree Rings image. Hong has, again, not submitted any evidence to contradict the evidence submitted by Defendants.

The Court finds that Hong has failed to establish that there is a genuine issue of material fact regarding Krieg's knowledge and intent in putting his mark on the bags. Accordingly, based on the undisputed evidence in the record, the Court finds that Krieg did not "knowingly and with the intent to induce, enable, facilitate, or conceal infringement," put his mark on the bags with the Tree Rings image. Defendants are therefore entitled to summary judgment on Hong's claim for violation of § 1202(a).

## MOTION TO SEAL

Hong moves to seal his declaration submitted in opposition to Defendants' motion for summary judgment.

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Parties must "overcome[ ] this strong presumption" of public access when seeking to maintain the confidentiality of judicial files and records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal documents attached to a dispositive motion has the burden of demonstrating "compelling reasons" for protection that outweigh the public interest. *Id.* at 1178-79.

Because judicial records are public documents, a showing of good cause to seal a document under Federal Rule of Civil Procedure 26(c) is not sufficient to fulfill the "compelling reasons" standard and preclude production. *Id*. at 1180. Rather, the party is "required to present articulable facts identifying the interests favoring continued secrecy . . . and to show that these specific interests overcame the presumption of access by outweighing the public interest in understanding the judicial process." *Id*. at 1181 (internal citation omitted).

The information that Hong seeks to seal is REI sales information for the bags bearing the Tree Rings image. This information was provided by REI to Hong's prior attorneys and was marked for "Attorney's Eyes Only." Hong provides no other justification for sealing the documents. Further, Defendants have not put forth any justification for sealing these documents.

The Court finds that the justification provided for sealing these documents is insufficient to overcome the presumption of public access to judicial records. Accordingly, the motion to seal will be denied.

### ORDER

**IT IS ORDERED:**

1.     Defendant's Motion for Summary Judgment (Dkt. 43) is **GRANTED in part and DENIED in part** as follows:

   a.     Summary Judgement is GRANTED in favor of Defendants on

Plaintiff's claims under 17 U.S.C. § 1202(a) and (b).

   b. Summary Judgment is GRANTED in favor of Defendants on Plaintiff's claim for statutory damages under 17 U.S.C. § 412.

   c. Summary Judgment is DENIED on the issue of whether Plaintiff has a valid copyright.

  2. Plaintiff's Motion for Summary Judgment (Dkt. 44) is **DENIED**.

  3. Plaintiff's Motion to Seal (Dkt. 48) is **DENIED.** The Clerk of the Court is directed to unseal the document docketed as Dkt. 49.

  **IT IS FURTHER ORDERED** that the Court submits the attached inquiry to the Register of Copyrights asking whether the inaccurate information regarding date of first publication contained in the registration application for Registration Number VA 2-022-677, as described in this Memorandum Decision and Order, "if known, would have caused the Register of Copyrights to refuse registration."

  **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to serve the Register of Copyrights with a copy of this Memorandum Decision and Order and the letter attached hereto via U.S. Mail to Shira Perlmutter, Register of Copyrights and Director of the U.S. Copyright Office, Library of Congress, 101 Independence Avenue, SE, Washington, DC 20540.

  **IT IS FURTHER ORDERED** that this case is STAYED until the Court

receives a response to said inquiry.

DATED: March 4, 2021

B. Lynn Winmill
U.S. District Court Judge