UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| TONY HONG, | Case No. 4:19-cv-00435-BLW |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| RECREATIONAL EQUIPMENT INC, et al., | |
| Defendants. | |

## INTRODUCTION

This case involves allegations that Defendants, Recreational Equipment Inc. and Samuel Kreig, engaged in copyright infringement of the illustration "Tree Rings," which was created by Plaintiff, Tony Hong. The Court previously granted in part and denied in part Defendants' motion for summary judgment and denied Plaintiff's motion for summary judgment. (*See* Dkt. 56.) That decision settled all issues except the issue of whether Hong has a valid copyright on the "Tree Rings" illustration. The Court was unable to decide this remaining issue as a matter of law because Plaintiff's copyright registration application contained inaccurate information regarding the date of first publication of "Tree Rings." To assist in addressing that remaining issue, the Court submitted an inquiry to the Register of

Copyrights pursuant to 17 U.S.C. § 411(b)(2). The Court has received the Register of Copyrights' response to the Court's inquiry. Based on that response, and the parties' supplemental briefing, the Court reaffirms its denial of summary judgment on the issue of whether Hong has a valid copyright on the "Tree Rings" illustration.

## DISCUSSION

To establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ's, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see* 17 U.S.C. § 501(b). Copyright registration is "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 401(c). To rebut the presumption that a copyright is valid, the challenging party must "offer some evidence or proof to dispute or deny" the prima facie case. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021).

Here, the undisputed evidence establishes that on October 29, 2015, the Copyright Office received an application to register the illustration "Tree Rings." The application identified Tong Hong as the author of and copyright claimant for Tree Rings. The application also stated that Tree Rings was created in 2009 and first published on November 6, 2010. On November 22, 2016, the Office registered

Tree Rings, with an effective date of registration of October 31, 2015, and assigned registration number VA 2-022-677. (Dkt. 57.)

As set forth in the previous decision issued by the Court (Dkt. 56), the undisputed evidence on summary judgment demonstrated that Tree Rings has a date of first publication of sometime prior to July 12, 2010. Thus, the information in the copyright application—stating that Tree Rings was first published on November 6, 2010—is inaccurate. This inaccuracy regarding the date of first publication does not, however, automatically invalidate Hong's copyright as a matter of law. Accordingly, pursuant to 17 U.S.C. § 411(b)(2), the Court requested the Register of Copyrights to advise the Court as to whether "the inaccuracy, if known, would have caused the Register of Copyrights to refuse registration." (*Id.* at 9).

The Register of Copyrights has responded to the Court's inquiry as follows:

> If the Office had become aware of the inaccurate publication date at the time of the application, it would have provided the applicant an opportunity to verify and correct the publication date. … [I]t is not unusual for an examiner to correspond with an applicant about factual assertions in an application. If the applicant had not timely corrected the publication date through such a process, the Office would have refused to register the claim because the application failed to identify the correct publication date for the Work. If the Office refused registration, the applicant could have filed a new application that included the correct publication date.

(Dkt. 57 at 5).

**MEMORANDUM DECISION AND ORDER - 3**

In light of this response, and the parties' supplemental briefing, the Court finds that genuine issues of material fact remain and thus reaffirms denial of summary judgment on the issue of whether Hong has a valid copyright.

### A.   The Presumption of Validity Does not Apply

Under 17 U.S.C. § 410(c), "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate."

In his supplemental brief, Hong continues to maintain that his certificate of registration creates a presumption of validity in his copyright in Tree Rings pursuant to § 410(c), and that the response of the Copyright Office does not change that presumption.

Hong would be correct—that his certificate of registration would be prima facie evidence that his copyright is valid—if the Court were to accept the date of first publication as November 6, 2010. This is because, using November 6, 2010, as the first publication date would mean that the certificate of registration—which has an effective date of October 31, 2015—would have been issued "before or within the five years" as required by §410(c) for the presumption of validity to apply. However, as the Court has already found, the undisputed evidence on summary judgment shows that Tree Rings has a date of first publication of

17 U.S.C. § 411(b)(1)(A), (B).

Thus, as Hong argues, the Court cannot strike his registration as a matter of law simply because it includes inaccurate information. This is because there are questions of fact as to both (a) whether the inaccurate information regarding date of first publication was included on the application with knowledge that it was inaccurate, and (b) whether Hong would have timely responded to the Copyright Office's inquiry regarding the inaccuracy of the information in the application, which is an inquiry that the Copyright Office would have been sent if it had known of the inaccuracy.[1]

Defendants indicate in their supplemental briefing that they agree that there is a material question of fact with respect to whether Mr. Hong would have timely responded to the Copyright Office and concede that a jury should determine

---

[1] Hong maintains that there is no evidence that he would not have timely responded to an inquiry from the Copyright Office, and that there is no evidence that he provided knowingly inaccurate information. While this may be true, the lack of evidence does not prove anything. To the contrary, the lack of evidence on these issues merely demonstrates that there are material issues of fact that must be decided by a jury.

**MEMORANDUM DECISION AND ORDER - 6**

whether Plaintiff's copyright registration is valid and capable of supporting an infringement action.[2]

In sum, the response provided by the Copyright Office, leaves open genuine issues of material fact as to whether the copyright registration is valid, and specifically (a) whether the inaccurate information regarding date of first publication was included on the application with knowledge that it was inaccurate, and (b) whether Hong would have timely responded to the Copyright Office's inquiry regarding the inaccuracy of the information in the application, which is an

---

[2] Defendants contend that there is no indication that Hong would have immediately responded to a Copyright Office inquiry, pointing to Hong's failure to register some of his other works, and Hong's failure to file a supplemental registration to fix the error in his name on the Tree Rings registration. The Court finds these arguments unconvincing.

The fact that Hong has not filed for copyright protection for other works is not determinative of whether he would continue to take the steps necessary to protect Tree Rings. Indeed, to the contrary, that he took the effort and expense to register Tree Rings (as opposed to registering all of his works) indicates to the Court that he had a special interest in Tree Rings and would take the actions necessary to continue to protect that work.

Similarly, that Hong did not take action to fix what may be an error in his name on the registration (the registration certificate says that the author and copyright claimant is "Tong Hong"), does not demonstrate that he would not have timely responded to a Copyright Office inquiry and taken any additional steps necessary to protect Tree Rings. Further, the Court notes that the registration, despite saying that the author and the copyright claimant is "Tong Hong," also says that the "Rights and Permissions" are in "Tony Hong."

inquiry that the Copyright Office would have been sent if it had known of the inaccurate information in the application. The Court therefore reaffirms its denial of summary judgment on the issue of whether Hong has a valid copyright on the "Tree Rings" illustration.

## ORDER

**IT IS ORDERED that:**

1. The Court reaffirms its denial of summary judgment on the issue of whether Plaintiff has a valid copyright in the illustration "Tree Rings."

2. A trial setting conference is set for **February 15, 2022, at 3:30 p.m.** Defendants shall initiate the conference by calling (208) 334-9145 will all parties on the line.

DATED: February 1, 2022

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8